UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARK HARRIS,**

Plaintiff,

v.

**MAGNA SEATING – AMERICA**
**d/b/a Magna Seating - Detroit**

Defendant.
_____/

Case No.: 2021 – cv-

Honorable:
Magistrate:

MEROUEH & HALLMAN, PLLC
Attorneys for Plaintiff
Zachary A. Hallman, P78327
Odey K. Meroueh, P76460
14339 Ford Rd., 2nd Floor
Dearborn, MI  48126
(313) 582-7469
zhallman@mhatlaw.com
okm@mhatlaw.com
_____/

**COMPLAINT AND JURY DEMAND**

Mark Harris ("PLAINTIFF"), for his Complaint against the Magna Seating – America, which was at all relevant times doing business as Magna Seating – Detroit ("DEFENDANT"), states the following as his allegations against Defendant.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Mark Harris is a resident of Melvindale, in the County of Wayne, State of Michigan.

2. This suit is brought and jurisdiction lies pursuant to 29 USC § 2601 et seq. of Family Medical Leave Act of 1993 (FMLA).

3. Defendant operates throughout the State of Michigan, including in this instant district.

4. The events giving rise to this action occurred mostly in the City of Detroit, Wayne County, Michigan.

5. At all relevant times, Plaintiff was an employee as defined by the FMLA.

6. At all relevant times, Defendant was an employer as defined by the FMLA.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant for a number of years and enjoyed intermittent leave, during the entirety of his career, with the exception of roughly the last two months.

8. Plaintiff possesses a serious health condition, which qualified(s) him for FMLA leave, through a back and leg injury he suffered that has never healed, and likely will never.

9. Plaintiff applied for and received Intermittent FMLA leave through Defendant, which allowed him to take breaks, or leave early for the day, as needed.

10. From the time that Plaintiff started working for Defendant until the circumstances which led to his termination, this arrangement of intermittent leave worked, in that Plaintiff was able to complete his work schedule without issue, with accommodation.

11. Without such accommodation, Plaintiff would not be able to complete what was expected of him in his position.

12. For a reason unknown to Plaintiff, in or around October of 2021, his FMLA leave was denied, and he was asked to reapply, and be approved non-intermittent leave.

13. Without intermittent leave, i.e., the ability to simply take an hour, or sometimes two, when his condition required such, Plaintiff was forced into a position where he had to work his entire shift, or any time that he took off of work would result in a full day of FMLA leave.

14. Needless to say, Plaintiff exhausted his FMLA leave very shortly, as his condition necessitates being able to take an hour break on a not infrequent basis, and if that is not permitted, as here for a yet unexplained reason by Defendant, then Plaintiff's condition – which involves nerve damage in the lower back and into his leg – worsens to the extent that he can become immobile.

15. They intermittent breaks that Plaintiff enjoyed were absolutely crucial to his continued employment with Defendant. When such was denied, it was only a matter of time before Plaintiff exhausted his FMLA leave and still was in a position then where his condition required him to take time off of work, even more so now because working the full shifts without breaks exacerbated his condition.

16. Plaintiff's leave was exhausted in or around November of 2019, and upon inquiry from Plaintiff, Defendant never answered or explained its rationale for the sudden denial of Plaintiff's intermittent leave after years of accommodation without, issue.

17. Plaintiff was wrongfully terminated on or around December 11, 2019.

## COUNT I
## DISCRIMINATION/RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

18. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

19. Plaintiff is a qualified individual under the FMLA, by having a serious medical condition as defined by the FMLA and possessing such condition at all relevant times to the allegations in this Complaint.

20. Defendant has more than fifty employees.

21. Plaintiff had been employed by Defendants for well over a year and had worked more than 1,250 hours in the year preceding 2019.

22. Plaintiff had on many occasions in the past taken FMLA leave without issue.

23. Defendants failed to live up to its burden under the FMLA of providing leave to a qualifying employee with a serious medical condition.

24. Defendants retaliated against Plaintiff for taking FMLA leave by denying him accommodations necessary for her disability, harassment, and ultimately, termination.

25. As a direct and proximate result of Defendants' actions, Plaintiff has suffered loss of past and future wages, loss of employment benefits and opportunities, and other pecuniary and non-pecuniary losses.

**PRAYER FOR RELIEF**

Plaintiff prays for relief as follows:

a. An award of damages, which includes, but is not limited to back pay, front pay, lost wages, lost employee benefits, attorney fees and costs, and compensatory damages, and an appropriate award of interest;

b. Liquidated damages where appropriate;

c. All damages and other relief afforded by law;

d. An award of punitive damages where appropriate in an amount to be proven at trial;

e. Attorneys' fees and costs as provided by law; and

f. Such other further relief as the Court may deem just and equitable.

Respectfully submitted,

DATED: 12/11/2021

BY: */s/ Zachary A. Hallman*

ZACHARY A. HALLMAN (P78327)
Attorney for Plaintiff

14339 Ford Rd., 2nd Floor
Dearborn, MI 48309
(313) 582-7469